UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80224-CV-MARRA/MATTHEWMAN

NIKIFOROS PANTELARAS,

    Plaintiff,

v.

DIMEDA INSTRUMENTE GMBH,
a foreign corporation,

    Defendant.
_____/

FILED by ___ D.C.
AUG 0 4 2017
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' JOINT MOTION TO COMPEL DEPOSITION OF CORPORATE REPRESENTATIVE [DE 47]

**THIS CAUSE** is before the Court upon Plaintiff, Nikiforos Pantelaras and Princeton Medical Group, Inc.'s ("Plaintiffs") Joint[1] Motion to Compel Deposition of Corporate Representative, Karen Schuldt ("Motion") [DE 47].[2] This matter was referred to the undersigned upon an Order referring all discovery matters to the undersigned for appropriate disposition. *See* DE 9. After Defendant, Dimeda Instrumente GMBH ("Defendant"), failed to file a timely response to the Motion, the Court issued an Order to Show Cause [DE 49]. Defendant filed a Response to the Order to Show Cause [DE 53], and Plaintiff filed a Reply [DE 55]. The Court held a hearing on the Motion on August 3, 2017.

---

[1] To clarify, the Motion is designated as "joint" because the Plaintiffs in both cases 16-cv-80224 and 16-cv-80467 have jointly filed the Motion and not because Defendant joins in the Motion.

[2] Nikiforos Pantelaras is the Plaintiff in case number 16-80244-CV-Marra/Matthewman, and Princeton Medical Group, Inc., is the Plaintiff in case number 16-80467-CV-Marra/Matthewman. A similar Order is also being entered in 16-80467-CV-Marra/Matthewman. The two cases have been consolidated for purposes of discovery. [DE 26].

1

## MOTION, RESPONSE, AND REPLY

In their Motion, Plaintiffs contend that, when they deposed Defendant's designated corporate representative, Gerhard Zepf, he was not sufficiently prepared to testify about three areas of inquiry—Defendant's relationship with Princeton Medical Group, Nikiforos Pantelaras' injury, and the claim filed by Dr. Pantelaras against Princeton Medical Group.[3] [DE 47]. Plaintiffs argue that Defendant should have also designated Karen Schuldt, one of Defendant's employees, as a corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) as she is the only person with sufficient knowledge of the three areas of inquiry at issue. *Id.*

In response, Defendant asserts that Mr. Zepf was able to answer questions as to all of the noticed areas of inquiry. [DE 53]. Defendant also contends that it did not have to designate the witness with the most knowledge as to the areas of inquiry, but rather was only required to prepare the designated witness to testify about them. *Id.*

In reply, Plaintiffs argue that Mr. Zepf should have asked Ms. Schuldt questions about the three areas of inquiry at issue prior to the deposition and did not. [DE 55]. In others words, they assert that Mr. Zepf was not properly prepared for the deposition. *Id.*

## DISCUSSION

While Federal Rule of Civil Procedure 30(b)(6) "does not expressly or implicitly require the corporation or entity to produce the 'person most knowledgeable' for the corporate deposition," "the corporation has a duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and non-evasively about the subjects." *QBE Ins. Corp. v. Jorda Enterprises, Inc.*, 277 F.R.D. 676, 688 (S.D. Fla. 2012). Rule 30(b)(6)

---

[3] Plaintiffs represented at the hearing that these three areas of inquiry are contained within topics 14 and 15 listed in the Re-Notice of Taking Videoconference Deposition Duces Tecum [DE 47-1, p. 6].

"implicitly requires the corporation to review all matters known or reasonable available to it in preparation for a Rule 30(b)(6) deposition. *Id.* (citing *Wilson v. Lakner*, 228 F.R.D. 524, 529 (D. Md. 2005)). If it becomes apparent during the deposition that the designee is unable to adequately respond to relevant questions on listed subjects, then the responding corporation has a duty to timely designate additional, supplemental witnesses as substitute deponents. *Id.* (citing *Alexander v. F.B.I.*, 186 F.R.D. 137, 142 (D.D.C. 1998); *Marker v. Union Fid. Life Ins. Co.*, 125 F.R.D. 121, 127 (M.D.N.C. 1989)). Absolute perfection is not required of a 30(b)(6) witness. The mere fact that a designee could not answer every question on a certain topic does not necessarily mean that the corporation failed to comply with its obligation. *Id.* at 691 (citing *Costa v. County of Burlington*, 254 F.R.D. 187, 191 (D.N.J.2008)).

During the August 3, 2017 discovery hearing, Plaintiffs' counsel identified particular portions of the 30(b)(6) deposition transcript where Mr. Zepf was not able to sufficiently respond to questions on certain of the three areas of inquiry at issue. Specifically, Mr. Zepf was not able to answers questions as to whether Defendant or any employee of Defendant had knowledge of Dr. Pantelaras' claim before the lawsuits were filed against Defendant in 2016 [DE 53-1, p. 23, lines 14-19], whether there are any documents in Defendant's internal file that are dated prior to 2015 in which Dr. Pantelaras' injuries are discussed [DE 53-1, p. 31, lines 13-16], whether Defendant ever reported a claim made by Dr. Pantelaras to Defendant's insurance company prior to 2015 [DE 53-1, p. 104, lines 21-25 and p. 105, lines 1-2, 12-13], whether Defendant corresponded with attorneys from Wilson Elser in 2012 in relation to the case brought by Dr. Pantelaras [DE 53-1, p. 106, lines 1-4], and whether Defendant ever communicated that it was not the manufacturer of the "Nail Nipper" product to Wilson Elser prior to 2016 [DE 53-1, p. 110, lines 1-4].

The Court finds that these were legitimate areas of inquiry that the 30(b)(6) witness should have been able to answer. The Court also finds that it was reasonable for Plaintiffs to abandon asking questions regarding these topics at the deposition when it had been established that Mr. Zepf was not going to be able to answer such questions.

In conclusion, the Court finds that Mr. Zepf was not properly and fully prepared to respond to questions on all of the listed topic areas prior to the deposition as required by Rule 30(b)(6). The Court also finds that Plaintiffs are entitled to conduct a very limited continuation of the deposition of Defendant's corporate representative. The Court will not, however, require that Defendant designate Ms. Schuldt as the corporate representative. Defendant can designate any corporate representative it chooses so long as that individual is sufficiently prepared prior to the deposition as required by Rule 30(b)(6).

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' Joint Motion to Compel Deposition of Corporate Representative, Karen Schuldt [DE 47] is **GRANTED IN PART AND DENIED IN PART**.

2. Defendant shall designate and properly prepare a corporate representative for a limited continuation of the 30(b)(6) deposition on Defendant's relationship to Princeton Medical Group, Defendant's knowledge of the alleged incident involving Dr. Pantaleras and lawsuit related to same, and the specific questions that Mr. Zepf was not able to answer listed above, as well as on any follow-up questions. Defendant's corporate representative shall sit for the limited continuation of the 30(b)(60) deposition on or before **August 18, 2017**.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 4th day of August, 2017.

WILLIAM MATTHEWMAN
United States Magistrate Judge